[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS TO STRIKE PRAYER FOR RELIEF
In this declaratory judgment action brought by plaintiff against numerous insurance companies seeking a declaration of coverage for various pollution-related items, defendants have moved to strike that portion of the prayer for relief which claims attorney's fees, as authorized by Practice Book §10-39. That practice book section authorizes a claim for relief to be stricken "only if the relief sought could not be legally awarded," Pamela B. v. Ment, 244 Conn. 296, 325 (1998).
"In ruling on a motion to strike, the Court is limited to the facts alleged in the complaint." Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580 (1997). The defendants' motion to strike is based on the "well established rule that "in the absence of express contractual terms to the contrary, allowance of fees against an insurer . . . does not extend to services rendered in establishing the right to indemnification'". Bodnerv. United Services Automobile Association, 222 Conn. 480 (1992);Burr v. Lichtenheim, 190 Conn. 351, 363 (1983).
The plaintiff responds by urging the court to abandon the American Rule forbidding awards of non-contractual attorney's fees except where specifically authorized by statute, citing the Superior Court case of Aetna Life Casualty Co. v. Gentile, J.D. Waterbury, Docket No. 0122259 (1995) (L.P. Sullivan, J.). Plaintiff further points out that most, if not all, of the insurance policies at issue in this case are alleged in the CT Page 10208 complaint to contain "supplementary payment" provisions; that is, provisions which, generally, provide in addition to applicable limits of liability, the reimbursement of reasonable expenses incurred by the insured at the request or with the approval of the insurance company.
Plaintiff attempts to distinguish Burr v. Lichtenheim andBodner v. United Services Automobile Association, supra arguing that neither of those cases involve a declaratory judgment action to determine coverage brought against a recalcitrant insurance company. The Court is not convinced that the instant case can be distinguished from the overarching holdings of both Bodner andBurr and therefore holds that the American Rule applies in this case.
Plaintiff's other argument, that the supplementary payment provisions provide a contractual basis for attorney's fees incurred in the bringing of a declaratory judgment action to obtain coverage, founders on two points. First, there are no factual allegations in the complaint that the defendants are liable to pay anything more than sums paid by the plaintiff for "investigation, defense and remediation" of the pollution-related occurrences for which they claim coverage. Second, even if the complaint had sufficient factual allegations to be construed as an adequate predicate for a prayer for relief for attorney's fees based on the supplementary payment provisions of the various policies, plaintiff has cited no Connecticut authority, nor is the court aware of any, to the effect that a supplementary payment provision has ever been construed to provide for counsel fees in a declaratory judgment action brought to enforce coverage. The Court is not persuaded that that is a legitimate interpretation of a supplementary payment provision.
For the foregoing reasons, the motions to strike the prayer for relief seeking attorney's fees are granted.
Koletsky, J.